IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

BRADLEY COOPER and TODD LABAK, Individually and On Behalf of All Others Similarly Situated,

Plaintiffs,

v.

THORATEC CORPORATION, GERHARD F. BURBACH, TAYLOR C. HARRIS, and DAVID V. SMITH,

Defendants.

Case No. 14-cv-00360-CW

ORDER REGARDING CLASS ACTION SETTLEMENT DOCUMENTS

(Dkt. No. 122)

The Court heard Plaintiffs' motion for preliminary approval of their class action settlement on March 5, 2018. Plaintiffs' proposed notice of settlement states that the Court appointed Plaintiff Todd Labak as class representative and makes no mention of Lead Plaintiff Bradley Cooper. Plaintiffs' counsel represented at the hearing that Labak is the sole class representative. However, the Court appointed Cooper as Lead Plaintiff on April 21, 2014, pursuant to the Private Securities Litigation Reform Act, 15 U.S.C. § 78u-4(a)(3)(B), and Federal Rule of Civil Procedure 23. See Docket Nos. 21, 11. Plaintiffs subsequently filed a motion for class certification in which they sought appointment of Labak as a class representative pursuant to Federal Rule of Civil Procedure 23. The motion refers to Cooper as "Lead Plaintiff" and does not seek to withdraw Cooper as Lead Plaintiff. Docket No. 98 at ii. It does not appear that Plaintiffs have otherwise sought to withdraw Cooper as Lead Plaintiff, and the Court's order granting Plaintiffs' motion for

class certification states that "Labak and Cooper are adequate class representatives." Docket No. 119 at 6. The Court ORDERS Plaintiffs to file a supplemental brief that explains their representation that Cooper is not a class representative and that Labak is the sole class representative no later than two days from the date of this order. If Plaintiffs determine that Cooper remains a class representative, Plaintiffs should explain whether they will seek to withdraw Cooper as a class representative and confirming that they do not plan to request that the Court approve an incentive award for Cooper.

As stated at the hearing, should this Court preliminarily approve the class action settlement, Plaintiffs must provide with their final approval documents information on the settlement administrator selection process, how many settlement administrators submitted proposals, what methods of notice and claims payment were proposed, and the lead class counsel's firm's history of engagements with the settlement administrator over the last two years. See Procedural Guidance for Class Action Settlements (updated Nov. 1, 2018 and Dec. 5, 2018) (Procedural Guidance).

The Court ORDERS Defendants to file an affidavit or declaration stating whether they provided notices to the appropriate state and federal officials in compliance with the Class Action Fairness Act, 28 U.S.C. § 1715, no later than two days from the date of this order. If Defendants have not yet provided such notices, Defendants must state when they intend to provide these notices.

The Court ORDERS that the parties file their "side

agreement" described in the "Opt-out Termination Right, Confidentiality" Section of the stipulation under seal no later than two days from the date of this order. See Stip. of Settlement at 27, Docket No. 122-1.

The Court ORDERS that the parties make the changes described below to the settlement documents and file revised copies of the enumerated documents no later than two days from the date of this order.

The Court addresses each document requiring changes separately below. However, the parties should revise the caption in each settlement document to reflect this order's caption. The parties should also replace each placeholder date in each document that includes such a date with the relevant date determined at the hearing.

A. Stipulation

The parties should revise this sentence, "Additional sums for this purpose may be paid prior to the Effective Date from the Escrow Account upon agreement of the Parties or order of the Court," to state, "Additional sums for this purpose may be paid prior to the Effective Date from the Escrow Account upon order of the Court." Stip. of Settlement at 18.

The parties should state that any amount less than $20 is presumptively too costly to distribute to any class member, but that Plaintiffs will seek Court approval before distributing any remaining settlement funds to the cy pres recipient in any event.

B. Full-length Notice

Plaintiffs should omit the requirement that any objection "be delivered" to class and defense counsel. Notice at 9, Docket

No. 122-2.  Objections should be filed with the Court only.  See Procedural Guidance.  Plaintiffs should include in the notice that objections and supporting materials must clearly identify the case name and number, and that the Court can only approve or deny a settlement and cannot change the terms of the settlement.  See id.

Plaintiffs should include instructions on how to access the case docket via PACER and inform class members to check the settlement website or PACER to confirm that the final approval hearing date has not changed.  Plaintiffs should state that the settlement administrator will immediately post any changes to the final approval hearing date to the settlement website.  Plaintiffs should state that the class members will not be informed of a change in the final approval hearing date and that they must affirmatively seek this information by checking the settlement website or PACER.

Plaintiffs should state when they will upload the various settlement documents to the settlement website and activate it.

Plaintiffs should revise this clause, "(c) the materiality [sic] any allegedly false and misleading statements," to state, "(c) the materiality of any allegedly false and misleading statements."  Notice at 2.

Plaintiffs should revise this sentence, "These negotiations resulted in the agreement to settle all claims of the Class against the Defendants, i.e., the Stipulation, entered into on January [], 2019 ('Effective Date')," to state, "These negotiations resulted in the agreement to settle all claims of the Class against the Defendants, i.e., the Stipulation, entered

4

into on February 1, 2019."  Notice at 4.

Plaintiffs should define "Effective Date" in accordance with the stipulation's definition in or following this sentence, "In return for the payment of the Settlement Fund . . . upon the Effective Date."  Id.

Plaintiffs should revise this sentence, "The date of [sic] covering a 'short sale' is deemed to be the date of purchase of Thoratec common stock . . . ." to state, "The date of purchase covering a 'short sale' is deemed to be the date of purchase of Thoratec common stock . . . ."  Notice at 7.

Plaintiffs should omit this clause, "(1) whether a Class should be certified for purposes of the Settlement and whether Class Representative and Class Counsel have adequately represented the Class . . . ."  Notice at 8.  Plaintiffs should renumber the remaining clauses in the revised sentence in numerical order starting with "(1)."  See id.

If Cooper is a class representative, Plaintiffs should revise this sentence, "Todd Labak was appointed by the Court to represent the Class as Class Representative," to state, "Bradley Cooper and Todd Labak were appointed by the Court to represent the Class as Class Representatives."  Notice at 3.

If Cooper is not a class representative or is a class representative but Plaintiffs do not intend to seek Court approval of an incentive award for Cooper, Plaintiffs should revise this sentence, "In addition, a Compensatory Award for the time and expenses incurred by Lead Plaintiffs will be sought, not to exceed $10,000 each," to state, "In addition, a Compensatory Award for the time and expenses incurred by Lead Plaintiff Todd

5

Labak will be sought, not to exceed $10,000." Notice at 2. Plaintiffs should revise these sentences, "In addition, Class Counsel intend to apply to the Court on behalf of the Court-appointed Class Representatives Plaintiffs [sic] for reimbursement from the Settlement Fund of their reasonable time, costs and expenses directly relating to their representation of the Class. Class Counsel will seek no more than $10,000 for each Class Representative," to state, "In addition, Class Counsel intend to apply to the Court on behalf of the Court-appointed Class Representative Plaintiff Todd Labak for reimbursement from the Settlement Fund of his reasonable time, costs and expenses directly relating to his representation of the Class. Class Counsel will seek no more than $10,000 as reimbursement for Labak." Notice at 8. Plaintiffs should revise this clause, "and/or the application for the reimbursement of the reasonable costs and expenses of the Class Representatives . . ." to state, "and/or the application for the reimbursement of the reasonable costs and expenses of Class Representative Todd Labak." Notice at 9.

If Cooper is a class representative and Plaintiffs intend to seek Court approval of an incentive award for Cooper, Plaintiffs should revise this clause, "whether the Class Representative's application for reimbursement of costs and expenses should be granted," to state, "whether the Class Representatives' application for reimbursement of costs and expenses should be granted." Notice at 8.

C.  Summary Notice

Plaintiffs should revise this sentence, "YOU ARE HEREBY

6

1   NOTIFIED . . . 1301 Clay Street, Oakland, CA, . . ." to state,
2   "YOU ARE HEREBY NOTIFIED . . . 1301 Clay Street, Oakland, CA
3   94612, . . . ." Summary Notice at 1, Docket No. 122-4.

4   Plaintiffs should revise this sentence, "If you purchased or acquired Thoratec Corporation common stock between May 11, 2011 and November 4, 2014, your rights may be affected by the Settlement of this Action," to state, "If you purchased or acquired Thoratec Corporation common stock between May 11, 2011 and August 6, 2014, your rights may be affected by the Settlement of this Action." Id.

Plaintiffs should revise this clause, "email: www.thorateclitigation.com" to include either an email address or other instructions on how to electronically communicate with the settlement administrator. Id.

Plaintiffs should include that the full-length notice, proof of claim and release form and other settlement documents are available through PACER and the settlement administrator's website. Id.

If Cooper is not a class representative or is a class representative but Plaintiffs do not intend to seek Court approval of an incentive award for Cooper, Plaintiffs should revise this clause, "whether the Class Representative's application for reimbursement of costs and expenses should be granted . . ." to state, "whether Class Representative Todd Labak's application for reimbursement of costs and expenses should be granted . . . ." Id.

If Cooper is a class representative and Plaintiffs intend to seek Court approval of an incentive award for Cooper, Plaintiffs

7

should revise this clause, "whether the Class Representative's application for reimbursement of costs and expenses should be granted . . ." to state, "whether the Class Representatives' applications for reimbursement of costs and expenses should be granted . . . ." Id.

D. Proof of Claim and Release Form

Plaintiffs should include in Section "A. General Instructions & Information" the settlement administrator's telephone number and email address or explain how one can otherwise electronically communicate with the settlement administrator. Proof of Claim and Release Form at 1, Docket No. 122-5.

Plaintiffs should revise this sentence, "You are urged to read carefully the accompanying Notice of Proposed Settlement of Class Action, Motion for Attorneys' Fees and Expenses, and Final Approval Hearing (the 'Notice')," to state, "You are urged to read carefully the accompanying Notice of Proposed Settlement of Class Action (the 'Notice')." Id.

Plaintiffs should revise these clauses, "you may email the Settlement Administrator's electronic filing department at www.Thoratectherapeuticslitigation.com . . ." and "you should contact the electronic filing department at www.Thorateclitigation.com . . ." by omitting the references to these websites and including instead email addresses or instructions on how one can otherwise electronically communicate with the filing department. Id. at 2.

Plaintiffs should revise this sentence, "The date of [sic] covering a 'short sale' . . ." to state, "The date of purchase

covering a 'short sale' . . . ." Id. at 2.

Plaintiffs should revise this phrase, "Northern District of Illinois," to state, "Northern District of California." Id. at 5.

Plaintiffs should include the settlement administrator's telephone number and email address or instructions on how one can otherwise electronically communicate with the settlement administrator following the sentence, "If you have any questions or concerns regarding your claim, please contact the Settlement Administrator." Id. at 7.

E.   Proposed Order Preliminarily Approving Settlement

Plaintiffs should revise the date in the first sentence from "January 30, 2019" to "February 1, 2019." Proposed Order at 1, Docket No. 122-3.

Plaintiffs should revise this clause, "and served upon Class Counsel no later than fourteen (14) days prior to the date scheduled herein for the Final Approval Hearing," to state, "no later than fourteen (14) days prior to the date scheduled herein for the Final Approval Hearing." Id. at 5.

Plaintiffs should omit this sentence, "Copies of the objections and supporting documents for Class Counsel shall be served upon Leigh Handelman Smollar, Esq. . . . ." Id.

Plaintiffs should state that any amount less than $20 is presumptively too costly to distribute to any class member, but
//

that Plaintiffs will seek Court approval before distributing any remaining settlement funds to the cy pres recipient in any event.

IT IS SO ORDERED.

Dated: March 7, 2019

CLAUDIA WILKEN
United States District Judge