UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| BRADLEY COOPER and TODD LABAK, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>THORATEC CORPORATION, GERHARD F. BURBACH, TAYLOR C. HARRIS, and DAVID V. SMITH<br><br>Defendants. | No. 14-cv-00360 CW<br><br>**CLASS ACTION**<br><br>**FINAL ORDER AND JUDGMENT** |

WHEREAS, this matter came before the Court for hearing on June 25, 2019, pursuant to the Order of Preliminary Approval entered March 12, 2019, on the application of the parties for final approval of the settlement as set forth in the Stipulation; and

WHEREAS, the Court has heard all persons properly appearing and requesting to be heard, read and considered the motion and supporting papers, and found good cause appearing;

**NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:**

1.   This Order incorporates by reference the definitions in the Stipulation of Settlement, and all capitalized terms used in this Order that are not otherwise identified herein have a meaning assigned to them as set forth in the Stipulation.

2.   The Court has jurisdiction over the subject matter of the Action and over all Settling Parties to the Action, including all Class Members.

3.   On June 25, 2019, the Court held a Settlement Hearing, after due and proper notice, to consider the fairness, reasonableness and adequacy of the proposed Stipulation.  In reaching its decision in this Action, the Court considered the Settling Parties' Stipulation, the Court file in this

case, and the presentations by Class Counsel on behalf of the Plaintiffs and the Class and counsel for Defendants in support of the fairness, reasonableness, and adequacy of the Settlement.

4.  Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court hereby reaffirms its prior decision certifying the following Class:

> All Persons Or Entities That Purchased Or Otherwise Acquired The Common Stock Of Thoratec Corporation ("Thoratec") Between May, 11, 2011 Through August 6, 2014, Both Dates Inclusive.

5.  Excluded from the Class are any parties who are or have been Defendants in this litigation, the present and former officers and directors of Thoratec and any subsidiary thereof, members of their immediate families and their legal representatives, heirs, successors or assigns, and any entity in which any current or former Defendant has or had a controlling interest. Also excluded from the Class are those persons who timely and validly requested exclusion from the Class.

6.  In the Order of Preliminary Approval, the Court preliminarily approved the Notice and found that the proposed form and content of the Notice to the Class Members satisfied the requirements of due process, as well as the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u4(a)(7). The Court reaffirms that finding and holds that the best practicable notice was given to Class Members under the circumstances and constitutes due and sufficient notice of the Settlement, Stipulation in support thereof, and Settlement Hearing to all persons affected by and/or entitled to participate in the Stipulation or the Settlement Hearing. Furthermore, the Court hereby affirms that due and sufficient notice has been given to the appropriate state and federal officials pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C § 1715.

7.  The Court has determined that the Stipulation is fair, reasonable, and adequate and

is hereby finally approved in all respects. In making this determination, the Court has considered factors with respect to fairness, which include "(1) the strength of the plaintiffs' case; (2) the risk, expense, complexity, and likely duration of further litigation; (3) the risk of maintaining class action status throughout the trial; (4) the amount offered in settlement; (5) the extent of discovery completed and the stage of the proceedings; (6) the experience and views of counsel; (7) the presence of a governmental participant; and (8) the reaction of the class members to the proposed settlement," and the absence of collusion in the settlement procedure. Churchill Vill., L.L.C. v. Gen. Elec., 361 F.3d 566, 575-76 (9th Cir. 2004). The Court has considered the submissions of the Released Parties along with the Court file, all of which show that there remains substantial risk and uncertainty in the Class ultimately prevailing on its claims. Given the considerable open issues, the benefits available directly to the Class Members represent a fair, reasonable, and adequate resolution that can be summarized as follows:

8. The Defendants and their insurers have agreed to cause $11,900,000 in cash (the "Settlement Amount" or "Settlement Consideration") to be paid for the benefit of the Class. Among other things, the recovery of individual Class Members depends on the number of shares of Thoratec common stock those Class Members purchased and sold and the prices at which Class Members who filed claims purchased and sold those shares.

9. The Court finds that the proposed Plan of Allocation is fair, just, reasonable, and adequate, and is finally approved in all respects. As of June 21, 2019, 60,048 copies of the Notice and Proof of Claim were mailed to potential Settlement Class Members and nominees. Of those copies, 3,745 were returned as undeliverable, 275 of which were re-mailed to addresses obtained by a third-party vendor. As of June 20, 2019, the Settlement Administrator received 5,817 Proof of Claim forms.

10. The Court finds that there were no objections filed to the Settlement.

11. In addition to finding the terms of the Settlement to be fair, reasonable, and adequate, the Court determines that there was no fraud or collusion between the parties or their counsel in negotiating the Settlement's terms, and that all negotiations were made at arm's length. Furthermore, the terms of the Settlement make it clear that the process by which the Settlement was achieved was fair. Finally, there is no evidence of unethical behavior, want of skill, or lack of zeal on the part of Class Counsel.

12. This Order and Final Judgment shall be binding on all Class Members, including Plaintiffs, except for the Class Members who filed valid exclusions, as listed on Exhibit A, attached hereto. Further, the Action and Released Plaintiffs' Claims are hereby dismissed with prejudice. The parties are to bear their own costs, except as otherwise provided in the Stipulation.

13. Upon the Effective Date, the Plaintiffs, on behalf of themselves, and on behalf of each Class Member, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished and discharged all Released Plaintiffs' Claims against Released Defendant Parties, whether or not any individual Class Member executes and delivers the Proof of Claim and Release Form.

14. Upon the Effective Date, the Plaintiffs, each Class Member and anyone claiming through or on behalf of any of them, by operation of the Judgment, shall be forever barred and enjoined from commencing, instituting, or continuing to prosecute any action or any proceeding in any court of law or equity, arbitration, tribunal, administrative forum, or other forum of any kind asserting any of the Released Plaintiffs' Claims against any of the Released Defendant Parties.

15. Upon the Effective Date, Defendants, on behalf of themselves and Released Defendant Parties, shall hereby be deemed to have, and by operation of this Order shall have, fully,

finally, and forever, released, relinquished, settled and discharged the Lead Plaintiff, the Class Members, their attorneys, and the Released Plaintiff Parties from the Released Defendants' Claims and shall be permanently barred and enjoined from instituting, commencing, or prosecuting any Released Defendants' Claim against any of them directly, indirectly or in any other capacity.

16. The Court finds and concludes that, during the course of this Action, the Defendants, Lead Plaintiff, and their respective counsel complied with the requirements of Rule 11 of the Federal Rules of Civil Procedure. No such party or their respective counsel violated any of the requirements of Rule 11 of the Federal Rules of Civil Procedure with respect to any of the complaints filed in this Action, any responsive pleadings to any of the above complaints or any motion with respect to any of the above complaints. The Court further finds that the Class Plaintiffs and Class Counsel adequately represented the Class Members for purposes of entering into and implementing the Settlement.

17. The Court hereby awards Class Counsel attorneys' fees of $2,975,000, plus reimbursement of their expenses in the amount of $392,445.81, together with the interest earned thereon for the same time period and at the same rate as that earned on the Settlement Fund until paid. The Court finds that the amount of fees awarded is appropriate and that the amount of fees awarded is fair and reasonable given the contingent nature of the case and the substantial risks of non-recovery, the quality of the work performed, the time and effort involved, and the result obtained for the Class. In making this award of attorneys' fees and reimbursement of expenses, the Court finds or concludes:

(a) This Court is required to analyze a request for attorneys' fees based on either (1) the lodestar method, or (2) a percentage of the total benefit made available to the settlement class, In re Bluetooth Headset Prods. Liab. Litig., 654 F.3d 935, 942 (9th Cir.

2011) (holding that "[w]here a settlement produces a common fund for the benefit of the entire class, courts have discretion to employ either the lodestar method or the percentage-of-recovery method" to determine the reasonableness of attorneys' fees);

(b) Under the lodestar approach, the lodestar is produced by multiplying the number of hours reasonably expended by counsel by a reasonable hourly rate, Kelly v. Wengler, 822 F.3d 1085, 1099 (9th Cir. 2016);

(c) Once the court has fixed the lodestar, it may increase or decrease that amount by applying a positive or negative multiplier to take into account a variety of other factors, "including the quality of the representation, the benefit obtained for the class, the complexity and novelty of the issues presented, and the risk of nonpayment," In re Bluetooth Headset Prods. Liab. Litig., 654 F.3d at 941-42 (citation and internal quotation marks omitted);

(d) Under the percentage-of-recovery method, courts in the Ninth Circuit typically calculate twenty-five percent of the fund as the "benchmark" for a reasonable fee award, providing adequate explanation of any circumstances justifying a departure, Six (6) Mexican Workers v. Ariz. Citrus Growers, 904 F.2d 1301, 1311 (9th Cir. 1990);

(e) The "most critical factor" in determining appropriate attorneys' fee awards "is the degree of success obtained," Hensley v. Eckerhart, 461 U.S. 424, 436 (1983);

(f) Here, the Settlement created a fund of $11,900,000 in cash that numerous Settlement Class Members, who submit valid Claim Forms, will benefit from because of the efforts of Class Counsel;

(g) This action raised a number of complex issues and Class Counsel bore financial risk by representing Plaintiffs on a contingency basis;

(h) Had Class counsel not achieved the Settlement there would remain a significant risk that Lead Plaintiffs and the other members of the Class would have recovered less or nothing from Defendants;

(i) Because of the uncertainty and cost of continued litigation, the Court finds that Class Counsel achieved highly favorable results for the Settlement Class;

(j) The Notice was mailed to potential Settlement Class Members and nominees and published online stating that Class Counsel would apply for attorneys' fees of 25% of the Settlement Fund, reimbursement of Class Counsel's litigation expenses in an amount not to exceed $500,000, and an award to Class Representative Todd Labak for his reasonable time and expenses in representing the Settlement Class in an amount not to exceed $10,000; no objections to the requested attorneys' fees and expenses or award were received by June 11, 2019, the deadline to file any objections;

(k) Class Counsel devoted over 3,708 hours, with a lodestar value of $2,384,419.50, to achieve the settlement, and Liaison Counsel devoted over 57 hours, with a lodestar value of $30,050, to achieve the settlement, for an aggregate lodestar value of $2,414,469.50; the Court finds that the hours claimed are reasonable and that the rates charged are commensurate with those charged by attorneys with similar experience who appear in this Court;

(l) The 25% fee awarded ($2,975,000) will result in a multiplier of the lodestar of approximately 1.23, and does not suggest collusion or self-dealing;

(m) The amount of attorneys' fees awarded is fair and reasonable, consistent with awards in similar cases, and consistent with the Court's review of the factors set forth in Staton v. Boeing Co., 327 F.3d 938 (9th Cir. 2003);

(n) Class Counsel and Liaison Counsel's requested reimbursement of their expenses is fair and reasonable, in the amount of $390,744.30 to Class Counsel and $1,701.51 to Liaison Counsel, for an aggregate total of $392,445.81; additionally, the requested expenses are less than the noticed maximum of $500,000 for attorneys' expenses, which further supports approving the amount requested, see Buccellato v. AT&T Operations, Inc., No. 10-cv-00463-LHK, 2011 WL 4526673, at *4 (N.D. Cal. June 30, 2011) (awarding requested litigation costs and related expenses as part of final settlement approval).

18. The Court hereby awards Class Representative, Todd Labak, a reimbursement award of $10,000. The Court finds that the reimbursement award is appropriate based on Labak's over 100 hours of work in support of the settlement.

19. Paragraph 37 of the Stipulation provides: "After the initial distribution of the Net Settlement Fund, the Settlement Administrator shall make reasonable and diligent efforts to have Authorized Claimants cash their distribution checks. To the extent any monies remain in the fund six (6) months after the initial distribution, if Class Counsel, in consultation with the Settlement Administrator, determines that it is cost-effective to do so, the Settlement Administrator shall conduct a re-distribution of the funds remaining after payment of any unpaid fees and expenses incurred in administering the Settlement per the instructions of Class Counsel. At such time as it is determined that the re-distribution of funds remaining in the Net Settlement Fund is not cost-effective, upon approval of the Court, the remaining balance shall be contributed to the American Heart Association." The Court recognizes that cy pres awards, as the "next best" method of distributing settlement funds to the class of beneficiaries, are to follow certain "guiding standards." Nachshin v. AOL, LLC, 663 F.3d 1034, 1038-40 (9th Cir. 2011). These standards direct that an

award ought to "(1) address the objectives of the underlying statutes, (2) target the plaintiff class, or (3) provide reasonable certainty that any member will be benefitted." Id. at 1040. A cy pres award should also "account for the . . . geographic distribution of the class." Id. (citing In re Airline Ticket Comm'n Antitrust Litig., 307 F.3d 697, 683 (8th Cir. 2002)). However, the cy pres recipient selected need not be one that "the court of class members would find ideal." Lance v. Facebook, Inc., 696 F.3d 811, 821 (9th Cir. 2012). The parties have not identified a non-profit organization specifically serving the objectives of the Securities Exchange Act of 1934, 15 U.S.C. § 78a et seq. The Court approves the American Heart Association as the next best alternative because it is a 501(c)(3) non-profit organization that works nationally to combat heart disease and stroke, Thoratec's products were intended to provide treatment for certain vascular conditions, and the American Heart Association's work coincides with the geographic scope of the Class Members.

20. Within 21 days after the distribution of the settlement fund and payment of attorneys' fees and expenses, the parties shall file a Post-Distribution Accounting, which provides the following information:

> The total settlement fund, the total number of class members, the total number of class members to whom notice was sent and not returned as undeliverable, the number and percentage of claim forms submitted, the number and percentage of opt-outs, the number and percentage of objections, the average and median recovery per claimant, the largest and smallest amounts paid to class members, the method(s) of notice and the method(s) of payment to class members, the number and value of checks not cashed, the amounts distributed to each cy pres recipient, the administrative costs, the attorneys' fees and costs, the attorneys' fees in terms of percentage of the settlement fund, and the multiplier, if any.

Procedural Guidance for Class Action Settlements (updated Nov. 1, 2018 and Dec. 5, 2018). The

parties shall "summarize this information in an easy-to-read chart that allows for quick comparisons with other cases" and, by the same deadline, "post the Post-Distribution Accounting, including the easy-to-read chart, on the settlement website." Id.

21. Without affecting the finality of this Final Approval Order and Judgment, the Court reserves continuing and exclusive jurisdiction over all matters relating to the administration, implementation, effectuation, and enforcement of the Settlement.

22. There is no just reason for delay in the entry of this Order and immediate entry by the Clerk of the Court is expressly directed pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

IT IS SO ORDERED.

Dated:  June 25, 2019

THE HONORABLE CLAUDIA WILKEN
UNITED STATES DISTRICT COURT JUDGE

# EXHIBIT A

*Thoratec Litigation*
**Exclusion Report**

|    | Name | Exclusion ID # | Postmark | Timely? | Name and Address? | Transactions Provided? |
|----|------|----------------|----------|---------|-------------------|------------------------|
| 1. | Louise S. Soucy | 63843815 | 5/9/2019 | Y | Y | N |
| 2. | Joseph John Lomonaco III | 63843816 | 5/22/2019 | Y | Y | N |